UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TODDRIC KNIGHT and
EVENSON BENDERS,

    Plaintiffs,

v.

ALL-WAYS TOWING & STORAGE, INC.,

    Defendant.
_____/

# COMPLAINT

Plaintiffs, TODDRIC KNIGHT and EVENSON BENDERS ("KNIGHT," "BENDERS," or collectively "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against ALL-WAYS TOWING & STORAGE, INC. (hereinafter, "AWTS" or "Defendant"), and say:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida Statute § 448.110 (the Florida Minimum Wage Act, hereinafter the "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to

1

Plaintiffs' claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

5. Plaintiffs sent a letter of demand to Defendant contemporaneously with the filing of this action which put Defendant on notice of their intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

**PARTIES**

6. Plaintiff KNIGHT is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff KNIGHT was employed by Defendant as a Tow Truck Operator. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Plaintiff BENDERS is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff KNIGHT was employed by Defendant as a Tow Truck Operator. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

8. Defendant AWTS is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. AWTS has its principal place of business in Pembroke Park, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant AWTS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, AWTS operated a tow truck and service business in which it would contract with insurance agencies and municipalities to tow vehicles to either impound lots, mechanic shops, or other such locations. The Drivers, including Plaintiffs, operated the trucks on interstate highways and used phones to communicate with dispatch and customers.

11. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendant AWTS, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant AWTS was an "employer" of Plaintiffs as that term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**

14. Plaintiffs are non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

15. Plaintiffs both responded to an advertisement promising wages between $12.00 – $18.00 per hour by AWTS. A copy of the advertisement is attached hereto as Exhibit B.

16. KNIGHT performed manual labor including, but not limited to, hitching vehicles and driving the vehicles to impound lots, homes, or mechanic shops.

17. BENDERS performed manual labor including, but not limited to, hitching vehicles and driving the vehicles to impound lots, homes, or mechanic shops.

18. KNIGHT started his employment with Defendant on or about December 11, 2019 and worked through on or about January 9, 2020. During his employment, KNIGHT regularly worked about seventy-two (72) hours per week but was not compensated legally for all his time worked.

19. KNIGHT was to have been paid $18.00/hour plus 30% commission for towing calls completed. KNIGHT was also to have received $400.00 for each flooded truck taken to the AWTS yard.

20. BENDERS started his employment with Defendant on or about December 13, 2019 and worked through on or about January 18, 2020. During his employment, BENDERS regularly worked about seventy-two (72) hours per week but was not compensated legally for all his time worked.

21. BENDERS was to have been paid 30% commission for towing calls completed and an hourly rate for long distance jobs, the amount of which was not disclosed to him.

22. During his employment with AWTS, KNIGHT received one payment in the amount of $585.00 and a second payment in the amount of $365.00. The payments were made in cash. No payments at all were made for the remaining weeks. KNIGHT also delivered three (3) flooded trucks to the yard for which no compensation was received.

23. During his employment with AWTS, BENDERS received total payments in the approximate aggregate amount of $500.00.

24. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Further, Defendant regularly deducted for "insurance" from the Plaintiffs' pay. There is no agreement of which Plaintiffs are aware which would permit Defendant to make these deductions.

26. Defendant knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendant maintained complete control over the hours Plaintiffs worked and the pay each was to receive.

28. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

29. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party(ies) in this action.

## **COUNT I – VIOLATION OF FLSA / OVERTIME**

30. Plaintiffs re-allege and re-aver paragraphs 1 – 29 as fully set forth herein.

31. Since the commencement of Plaintiffs' employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

32. Specifically, Plaintiffs worked approximately seventy-two (72) hours during each work week in which each was employed, but were not compensated at their regular rate, much less an overtime rate, for those hours up to, and above, forty (40) in a given week.

33. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither bona fide executive,

administrative, or professional employees. Plaintiffs performed manual labor tasks and did not have decision-making authority.

34. Defendant has knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

35. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

37. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs demand judgment for:

    a. Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant' violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated damages;

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FLSA/MINIMUM WAGE

38. Plaintiffs re-allege and re-aver paragraphs 1 – 29 as fully set forth herein.

39. During most of Plaintiffs' employment with Defendant, Plaintiffs were not compensated properly for hours worked for Defendant. Plaintiff KNIGHT received cash payment for two of the weeks during which he was employed by Defendant, but no payment for the remaining weeks. However, the cash payment of $365.00 was insufficient to cover minimum wage for the specified week. Plaintiff BENDERS was not paid a sufficient amount of wages to cover the minimum wage threshold for any of the weeks during which he was employed by Defendant.

40. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiffs during the relevant time period.

41. As a direct result of Defendant's willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs request judgment for:

    a. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendant's violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  d.  Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

  e.  Such other relief as the Court deems just and proper.

## **COUNT III: UNPAID WAGES**

42. Plaintiffs re-allege and re-aver paragraphs 1 – 29 as fully set forth herein.

43. Contemporaneously with the filing of this lawsuit, Plaintiffs sent a Demand to Defendant for their unpaid wages, pursuant to Fla. Stat. §448.08(6)(a).

44. Plaintiffs were to have been paid $18.00/hour plus 30% commission for towing calls completed. Plaintiff KNIGHT was also to have received $400.00 for each flooded truck taken to the AWTS yard.

45. Defendant did not pay Plaintiffs' duly earned wages during the course of their employment.

46. Plaintiff KNIGHT reasonably estimates that he is owed $4,234.00 as a base amount, together with $1,200 for the flooded trucks delivered, and an additional amount representing the commissions to be determined by records from Defendant.

47. Plaintiff BENDERS reasonably estimates that he is owed $5,980.00 as a base amount, and an additional amount representing the commissions to be determined by records from Defendant.

  WHEREFORE, Plaintiffs request judgment for:

  a.  Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

  b.  Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

    c.      Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.110(6)(c)(1); and

    d.      Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: February 10, 2020.

                                      **LAW OFFICES OF CHARLES EISS, P.L.**
                                      Attorneys for Plaintiff
                                      7951 SW 6th Street, Suite 112
                                      Plantation, Florida 33324
                                      (954) 914-7890 (Telephone)
                                      (855) 423-5298 (Facsimile)

By:    **/s/ Charles Eiss**
           CHARLES M. EISS, Esq.
           Fla. Bar #612073
           chuck@icelawfirm.com
           TIEXIN YANG, Esq.
           Fla. Bar #1010651
           tiexin@icelawfirm.com