**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| TODDRIC KNIGHT and EVENSON BENDERS,<br><br>           Plaintiffs,<br><br>v.<br><br>ALL-WAYS TOWING & STORAGE, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 0:20-cv-60275-WPD<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, ALL-WAYS TOWING & STORAGE, INC., ("Defendant") through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiffs' Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

## JURISDICTION AND VENUE

1. Defendant admits Plaintiffs have brought this action under the Fair Labor Standards Act, ("FLSA") but denies Plaintiffs are entitled to any of the requested relief and all other allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits, for venue purposes only, that this case is properly before this Court, but denies that any improper employment practices occurred. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

1

5.  Defendant is without knowledge, and therefore denies the allegations in Paragraph 5 of the Complaint.

## PARTIES

6.  Defendant is without knowledge, and therefore denies the allegations in Paragraph 6 of the Complaint.

7.  Defendant is without knowledge, and therefore denies the allegations in Paragraph 7 of the Complaint.

8.  Defendant admits the allegations in Paragraph 8 of the Complaint.

9.  Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits it subject to the FLSA but denies all other the allegations in Paragraph 10 of the Complaint.

11. Defendant admits it subject to the FLSA but denies all other the allegations in Paragraph 11 of the Complaint.

12. Defendant admits it subject to the FLSA but denies all other the allegations in Paragraph 12 of the Complaint.

13. Defendant admits it subject to the FLSA but denies all other the allegations in Paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant is without knowledge, and therefore denies the allegations in Paragraph 15 of the Complaint.

16. Defendant is without knowledge, and therefore denies the allegations in Paragraph 16 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

17. Defendant is without knowledge, and therefore denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant is without knowledge, and therefore denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant is without knowledge, and therefore denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the attorney's fees provision of the FLSA speaks for itself. Defendant, however, denies it violated the FLSA and denies the remaining allegations in Paragraph 29 of the Complaint.

## <u>COUNT I – ALLEGED VIOLATION OF FLSA/OVERTIME</u>

30. Defendant reincorporates and readopts all responses to Paragraphs 1 through 29 above as if stated fuller herein.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

33. Defendant admits the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits the attorney's fees provision of the FLSA speaks for itself. Defendant, however, denies it violated the FLSA and denies the remaining allegations in Paragraph 37 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 37 of the Complaint, and subparts (a)-(e) thereof, Defendant denies that Plaintiffs are entitled to judgement or relief.

### COUNT II – ALLEGED VIOLATION OF FLSA/MINIMUM WAGE

38. Defendant reincorporates and readopts all responses to Paragraphs 1 through 29 above as if stated fuller herein.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 41 of the Complaint, and subparts (a)-(e) thereof, Defendant denies that Plaintiffs are entitled to judgement or relief.

### COUNT III – ALLEGED UNPAID WAGES

42. Defendant reincorporates and readopts all responses to Paragraphs 1 through 29 above as if stated fuller herein.

43. Defendant is without knowledge, and therefore denies the allegations in Paragraph 43 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

44. Plaintiffs' allegations are insufficiently specific, therefore Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant is without knowledge, and therefore denies the allegations in Paragraph 46 of the Complaint.

47. Defendant is without knowledge, and therefore denies the allegations in Paragraph 47 of the Complaint.

In response to the "Wherefore" allegations following Paragraph 41 of the Complaint, and subparts (a)-(e) thereof, Defendant denies that Plaintiffs are entitled to judgement or relief.

## DEMAND FOR JURY TRIAL

Defendant denies that Plaintiffs will present any issue for a jury to try.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

### FIRST DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiffs were allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

### SECOND DEFENSE

Plaintiffs' claims are barred because Plaintiffs were paid all wages due.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

www.spirelawfirm.com
Employment Attorneys

## THIRD DEFENSE

To the extent Plaintiffs are entitled to damages, Defendant is entitled to a credit or set off against amounts overpaid in the course of Plaintiffs' employment.

## FOURTH DEFENSE

Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and indispensable part of Plaintiffs' principal activities.

## FIFTH DEFENSE

Plaintiffs' Complaint is barred in whole or in part because, based on the hours worked, Plaintiffs are not entitled to overtime compensation under the FLSA.

## SIXTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## SEVENTH DEFENSE

Because Plaintiffs' Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

www.spirelawfirm.com
Employment Attorneys

DATED this 8th day of June, 2020.

Respectfully submitted,
Spire Law, LLC
12249 Science Drive, Suite 155
Orlando, Florida 32826


By:  s/Jesse I. Unruh

Jesse I. Unruh, Esq.
Florida Bar No. 93121
jesse@spirelawfirm.com


Attorney for Defendant | All-Ways Towing &
Storage, Inc.


## CERTIFICATE OF SERVICE

I hereby Certify that on this 8th day of June, 2020, the foregoing was electronically filed with the Court by using the Southern District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Tiexin Yang, Esq. at tiexin@icelawfirm.com and Charles Merrill Eiss, Esq. at chuck@icelawfirm.com at 7951 SW 6th Street, Suite 308, Plantation, FL 33324

/s/ Jesse Unruh
Jesse Unruh

www.spirelawfirm.com
Employment Attorneys